UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LOANI RODRIGUEZ-GUTIERREZ, | Case No. 25-cv-02726-BAS-SBC |
|---|---|
| Petitioner, | **ORDER:** |
| v. | |
| KRISTI NOEM, *et al.*, | **(1) REQUIRING THE GOVERNMENT TO RESPOND TO PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1);** |
| Respondents. | |
| | **(2) GRANTING MOTION TO APPOINT COUNSEL (ECF No. 2);** |
| | **(3) SETTING HEARING ON PETITION;** |
| | **(4) PROVIDING NOTICE UNDER RULE 65(a)(2); AND** |
| | **(5) PRESERVING THE COURT'S JURISDICTION** |

Petitioner Loani Rodriguez-Gutierrez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner also filed a Motion to Appoint

1  Counsel (ECF No. 2) and a Motion for Temporary Restraining Order ("Motion for
2  Injunctive Relief"). (ECF No. 3.)  The Court addresses each in turn.

## I. PETITION

Petitioner is from Cuba. (ECF No. 1.) He alleges he is subject to a final order of removal, but "Cuba has a longstanding policy of not accepting immigrants for deportation." (*Id.*)  Thus, Petitioner claims there is not a significant likelihood of his removal in the reasonably foreseeable future. (*Id.*)  Nevertheless, he is being detained by Immigration and Customs Enforcement ("ICE"). (*Id.*)  Hence, Petitioner alleges that his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. § 1231; ICE's regulations; the Fifth Amendment; and the Administrative Procedure Act. (*Id.*)  Petitioner asks the Court to order his release from ICE custody and enjoin Respondents from removing him to any country other than Cuba without notice. (*Id.*)

Having reviewed the Petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."). Therefore, the Court will order the Government to respond to the Petition.

## II. MOTION TO APPOINT COUNSEL

Under 18 U.S.C. § 3006A(a)(2), the court may appoint counsel for financially eligible habeas petitioners when "the interests of justice so require." *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990). In determining whether to appoint counsel, courts consider the petitioner's likelihood of success on the merits and the ability to articulate claims pro se given the complexity of the issues. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Petitioner has cited legal authority to support his Petition and Motion for Injunctive Relief, demonstrating that his arguments are legally grounded and non-frivolous. (ECF Nos. 1, 3.)  Further, the Court finds that it is unlikely Petitioner can adequately present his claims pro se without counsel's assistance due to the complexity of

the legal issues involving constitutional law, statutory interpretation, administrative procedure, and habeas law. While Petitioner has articulated his claims in his filings, he appears to have received assistance from Federal Defenders of San Diego, Inc., who now seeks appointment as counsel. (ECF No. 2.) Accordingly, the Court **GRANTS** Petitioner's Motion to Appoint Counsel and **APPOINTS** Federal Defenders to represent him.

### III.    MOTION FOR INJUNCTIVE RELIEF

Turning to the Motion for Injunctive Relief, the Court grants in part and denies in part the *ex parte* request for a temporary restraining order. *See* Fed. R. Civ. P. 65(b). "While temporary restraining orders may be heard in true *ex parte* fashion (i.e., without notice to an opposing party), the Court will do so only in extraordinary circumstances. The Court's strong preference is for the opposing party to be served and afforded a reasonable opportunity to file an opposition." Standing Order for Civil Cases § 9; *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) (discussing *ex parte* temporary restraining orders and their "stringent restrictions"); *accord Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (same).

Here, the Court finds it is necessary to enter a limited injunction to preserve its jurisdiction until the Court can rule on the Petition. *See* 28 U.S.C. § 1651(a); *see also FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966); *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 n.6 (9th Cir. 2020). If Respondents remove Petitioner to a country other than Cuba without notice, the Court will be unable to provide relief if the Petition proves to be meritorious. Therefore, Respondents, along with their agents, employees, successors, attorneys, and all persons acting in concert with them, are **ENJOINED** from removing Petitioner to a country other than Cuba without notice and an opportunity to be heard. Unless extended by the Court, this Order will expire fourteen days after entry.

As to the rest of Petitioner's *ex parte* filing, including his request that the Court order him to be released, the Court finds it appropriate to consider the Motion for Injunctive

Relief under Rule 65(a) and provide the Government with an opportunity to respond. Hence, the Court will set a briefing schedule on the Motion for Injunctive Relief.

Finally, the Court provides notice to the parties that it intends to consolidate the Motion for Injunctive Relief with a determination on the merits under Rule 65(a)(2). *See* Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2) by giving "clear and unambiguous notice"). In other words, the Court intends to resolve both the Petition and the Motion for Injunctive Relief simultaneously.

## IV. CONCLUSION

In light of the foregoing, the Court **ORDERS** as follows:

1. The Court **GRANTS** the Motion to Appoint Counsel. (ECF No. 2.) The Court **APPOINTS** Federal Defenders of San Diego, Inc. to represent Petitioner for this matter.

2. The Government must file a response to the Petition and the Motion for Injunctive Relief no later than **Monday, October 27, 2025**. The Government's response must address the allegations in the Petition and must include any documents relevant to the determination of the issues raised in the Petition.

3. Petitioner may file a reply in support of his Petition and the Motion for Injunctive Relief no later than **Monday, November 3, 2025**.

4. The parties must appear in Courtroom 12B on **Friday, November 7, 2025**, at **2:30 p.m.** for a hearing on the Petition and the Motion for Injunctive Relief.

5. <u>Respondents, along with their agents, employees, successors, attorneys, and all persons acting in concert with them, are **ENJOINED** from removing Petitioner to a country other than Cuba without notice and an opportunity to be heard. Unless extended by the Court, this Order will expire fourteen days after entry.</u>

//
//
//

6. <u>The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition (ECF No. 1), the Motion for Injunctive Relief (ECF No. 3), and this Order.</u>

**IT IS SO ORDERED.**

**DATED: October 20, 2025**

*[signature]*

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**